IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONSTAR MORTGAGE, LLC     *

   Plaintiff,     *

  v.     *     Civil Action No. 8:19-cv-01839-PX

RUSSELL S. MABRY, *as the personal*     *
*representative for James Fitzpatrick*
    *

   Defendant.

*** 

### **MEMORANDUM OPINION**

Pending before the Court is Nationstar Mortgage, LLC's ("Nationstar's") motion for default judgment. ECF No. 12. Defendant Russell Mabry has not responded and the time for doing so has passed. Loc. R. 105.2. The Court now rules because no hearing is necessary. Loc. R. 105.6. For the reasons that follow, Nationstar's motion is granted.

**I.     Background**

Nationstar brought this action for reformation and declaratory judgment to clarify its property rights to 4841 Willow Road, Chesapeake Beach, Maryland. ECF No. 1 ¶ 1. Originally, the mortgagee, James Fitzpatrick, purchased and received title to three plots of land in 1971. *Id.* ¶ 6. The original deed accurately described each of the three plots and was recorded on October 27, 1971 in the Land Records for Calvert County. *Id.* ¶¶ 7–8.

In December 1994, the Property was re-platted, and three lots became two, renamed 1R and 3R. *Id.* ¶ 9; *see* ECF No. 1-2. The new plat was recorded on March 2, 1994. ECF No. 1 ¶ 10. On September 8, 1995, Fitzpatrick conveyed one of the two lots, Lot 3R, to Johnny L. Johnson and Virginia S. Johnson "as tenants by the entirety via a deed." *Id.* ¶ 11; *see* ECF No. 1-3. This deed correctly described the lots in question. ECF No. 1 ¶ 12.

As to the 1R Property, on March 7, 2008, Fitzpatrick obtained a reverse mortgage loan of $454,500 from Primary Residential Mortgage, which was secured by deed of trust on the 1R Property. *Id.* ¶¶ 13–14; *see* ECF No. 1-4. This deed of trust, however, included an inaccurate and outdated property description that did not incorporate the 1994 re-platting or the 1995 conveyances to the Johnsons. ECF No. 1 ¶ 15.

Nationstar currently holds the mortgage that had been issued by Primary Residential Mortgage. *Id.* ¶ 16. According to Nationstar, the inaccurate property description in the deed of trust renders uncertain Nationstar's rights to the 1R Property and the validity of its lien. *Id.* ¶¶ 17–18.

Fitzpatrick passed away on July 22, 2018, and Defendant Russell Mabry became the personal representative of Fitzpatrick's estate. *Id.* ¶ 18. On June 21, 2019, Nationstar brought this action against the estate, through Mabry, to clarify Nationstar's rights under the Primary Residential Mortgage deed of trust. *Id.* ¶ 19. Nationstar more particularly seeks reformation of the Primary Residential Mortgage deed of trust so that it matches the property which had originally secured the reverse mortgage, *id.* ¶¶ 20–22, and declaratory judgment stating the same. *id.* ¶¶ 23–24.

Although Nationstar initially encountered difficulty serving Mabry, the Court granted Nationstar's request to effectuate service through alternate means. *See* ECF Nos. 5, 5-1, 6. Nationstar has since perfected service, ECF No. 9-1 ¶ 2, but Mabry has been totally unresponsive. On February 3, 2020 Nationstar moved for Clerk's entry of default which was docketed on February 7, 2020. ECF Nos. 9, 10. Nationstar has now moved for Default Judgment. ECF No. 12.

## II. Standard of Review

Rule 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Accordingly, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## III. Analysis

At the heart of both the reformation and declaratory judgment claims, Nationstar's seeks to correct the inaccuracies in the deed of trust to will reflect that it secures the 1R Property. "It is

a settled principle that a court of equity will reform a written instrument to make it conform to the real intention of the parties, when the evidence is so clear, strong and convincing as to leave no reasonable doubt that a mutual mistake was made in the instrument contrary to their agreement." *In re Madeoy*, 551 B.R. 172, 176 (D. Md. 2016) (quoting *Hoffman v. Chapman*, 182 Md. 208, 210 (1943)); *see also In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995) ("The plaintiff must show that 'there has been a mutual mistake—that is, where there has been a meeting of the minds—and an agreement actually entered into, but the instrument, in its written form, does not express what was intended by the parties thereto.'") (citation omitted). "Normally, if a court reforms a contract, the modification relates back to the date of the original transaction." *In re Madeoy*, 551 B.R. at 176.

The Federal Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying an settling the legal relations in issue and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)) (alteration omitted). Whether to grant declaratory judgment is within the discretion of the district court. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004).

Accepting the complaint facts as true, reformation appropriately will correct a clear, mutual mistake arising from the reverse mortgage that Fitzpatrick had secured, and thus ensure the accuracy of the property description in the deed of trust. Indeed, nothing in the complaint and attachments suggests the original error was other than mutual at the time the reverse

4

mortgage had issued. The Court, therefore, finds it entirely appropriate to reform the deed of trust. The new description of the property will be:

> All of Lot 1R, Section Five, in the subdivision known as "Willows Colony" according to the plat recorded among the land records of Calvert County, Maryland at Liber ABE 727, Folio 816.
>
> Being part of the land within grantor received by deed recorded among the Land Records of Calvert County, Maryland at Liber JLB 135, Folio 442.
>
> The improvements thereon being known as 4841 Willows Road, Chesapeake Beach, Maryland 20732.

*See* ECF No. 12 at 5. This reformation will relate back to original date of the deed of trust, March 7, 2008. *See In re Madeoy*, 551 B.R. at 176.

The Court will also grant Nationstar's request for a declaratory judgment so as to clarify Nationstar's interest as consistent with the reformed deed of trust. Declaratory judgment is therefore entered in Nationstar's favor. *See Centennial Life Ins. Co*, 88 F.3d at 256.

### IV. Conclusion

For the foregoing reasons, the Nationstar's motion for default judgment is hereby GRANTED. A separate Order follows.

___4/1/2020_____  ___/s/_____
Date                          Paula Xinis
                              United States District Judge